UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

DEMETRIO CABRERA,

　　　　　Plaintiff,

　　v.

D. CAMPAGNA, et al.,

　　　　　Defendants.

Case No. 25-cv-10941-JD

**ORDER RE DISMISSAL**

Plaintiff, a state prisoner, filed a pro se civil rights complaint under 42 U.S.C. § 1983. He has been granted leave to proceed in forma pauperis.

## DISCUSSION

### STANDARD OF REVIEW

Federal courts engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court will identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *Id*. at 1915A(b)(1),(2). Pro se pleadings are liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Although a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations

omitted).  A complaint must proffer "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570.  The United States Supreme Court has explained the "plausible on its face" standard of *Twombly*: "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.  When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that: (1) a right secured by the Constitution or laws of the United States was violated, and (2) the alleged deprivation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

**LEGAL CLAIMS**

Plaintiff states that prison officials failed to promptly stop payment on a check from his trust account that was fraudulently cashed.  An inmate has a protected property interest in his prison trust account funds. *Quick v. Jones*, 754 F.2d 1521, 1523 (9th Cir. 1985).  But neither the negligent nor intentional deprivation of property states a due process claim under Section 1983 if the deprivation was random and unauthorized. *See Parratt v. Taylor*, 451 U.S. 527, 535-44 (1981) (state employee negligently lost prisoner's hobby kit), *overruled in part on other grounds*, *Daniels v. Williams*, 474 U.S. 327, 330-31 (1986); *Hudson v. Palmer*, 468 U.S. 517, 533 (1984) (intentional destruction of inmate's property).  The availability of an adequate state post-deprivation remedy, e.g., a state tort action, precludes relief because it provides sufficient procedural due process. *See Zinermon v. Burch*, 494 U.S. 113, 128 (1990) (where state cannot foresee, and therefore provide meaningful hearing prior to, deprivation statutory provision for post-deprivation hearing or common law tort remedy for erroneous deprivation satisfies due process).  California law provides such an adequate post-deprivation remedy. *See Barnett v. Centoni*, 31 F.3d 813, 816-17 (9th Cir. 1994) (citing Cal. Gov't Code §§ 810-895).

Plaintiff says that he sent a $700 check from his prison trust account to an individual, but that person never received it.  He attempted to stop payment on the check but was delayed due to various forms that were required to be completed.  Due to the delay, an unknown individual cashed the check and plaintiff lost the money.  Plaintiff also contends that several officials

2

improperly denied his inmate grievance regarding the issue.  The grievance was exhausted and denied after prison officials informed plaintiff that the prison could not issue a refund because the check was cashed before the stop payment was instituted.  Plaintiff was told that because there was a forged endorsement on the check, the process to obtain a refund was handled by the State Treasury's Office and he was told what form should be submitted to that office.

While the loss of the money is understandably upsetting, plaintiff's allegations fail to state a federal claim.  Plaintiff's allegations demonstrate that defendants may possibly have been negligent in their actions that led to the loss of the money.  But this does not present a constitutional violation.  While plaintiff has a right to procedural protections in relation to the withdrawal of the funds, *Quick,* 754 F.2d at 1523, the process due to inmates for removal of funds from inmate accounts in minimal.  *See Myers v. Klevenhagen*, 97 F.3d 91, 95-96 (5th Cir. 1996) (notice and adequate post-deprivation remedy are all that is required for unauthorized inmate trust account withdrawals ); *Gardner v. Wilson*, 959 F. Supp. 1224, 1229 (C.D. Cal. 1997) (finding that due process requires no more than notice and a post-deprivation grievance process); *Torres v. Brown,* 2016 WL 524804, at *3 (E.D. Cal. 2016) (the fraudulent removal of funds from inmate's account did not state a federal claim where plaintiff was provided notice and a post-deprivation grievance process).  Plaintiff was told how to stop payment on the check, was able to file an inmate grievance, was told how to request a refund from the State Treasury's Office due to the forged endorsement, and he can use the state post-deprivation remedy process noted above.

With respect to the allegations that his inmate grievance was improperly denied, this also fails to state a federal claim.  Inmates cannot sue a grievance reviewer merely because the reviewer denied the inmate's appeals.  *See Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003); *Young v. Voong*, 738 F. App'x 509, 510 (9th Cir. 2018) ("Young 'lack[s] a separate constitutional entitlement to a specific prison grievance procedure.'") (unpublished).

The complaint is dismissed with leave to amend for plaintiff to file an amended complaint and present a federal claim.  In an amended complaint, he must present allegations that demonstrate a constitutional violation.  Plaintiff is also encouraged to follow the appropriate state procedures for the loss of his money.

United States District Court
Northern District of California

**CONCLUSION**

1.      The complaint is dismissed with leave to amend.  The amended complaint must be filed within twenty-eight (28) days of the date this order is filed and must include the caption and civil case number used in this order and the words Amended Complaint on the first page.  Because an amended complaint completely replaces the original complaint, plaintiff must include in it all the claims he wishes to present.  *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992).  He may not incorporate material from the original complaint by reference.  Failure to amend within the designated time may result in the dismissal of this action.

2.      It is the plaintiff's responsibility to prosecute this case.  Plaintiff must keep the Court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address," and must comply with the Court's orders in a timely fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED.**

Dated: February 25, 2026

_____
JAMES DONATO
United States District Judge

4