United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

DEMETRIO CABRERA, et al.,
Plaintiffs,
v.
D. CAMPAGNA, et al.,
Defendants.

Case No. 25-cv-10941-JD

**ORDER RE DISMISSAL**

Plaintiff, a state prisoner, filed a pro se civil rights complaint under 42 U.S.C. § 1983. The complaint was dismissed with leave to amend, and plaintiff has filed an amended complaint.

**DISCUSSION**

**STANDARD OF REVIEW**

Federal courts engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court will identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *Id*. at 1915A(b)(1),(2). Pro se pleadings are liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Although a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570. The United States Supreme Court has explained the "plausible on its face"

standard of *Twombly*: "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that: (1) a right secured by the Constitution or laws of the United States was violated, and (2) the alleged deprivation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

**LEGAL CLAIMS**

Plaintiff alleges that prison officials failed to promptly stop payment on a check from his trust account. An inmate has a protected property interest in his prison trust account funds. *Quick v. Jones*, 754 F.2d 1521, 1523 (9th Cir. 1985). But neither the negligent nor intentional deprivation of property states a due process claim under Section 1983 if the deprivation was random and unauthorized. *See Parratt v. Taylor*, 451 U.S. 527, 535-44 (1981) (state employee negligently lost prisoner's hobby kit), *overruled in part on other grounds*, *Daniels v. Williams*, 474 U.S. 327, 330-31 (1986); *Hudson v. Palmer*, 468 U.S. 517, 533 (1984) (intentional destruction of inmate's property). The availability of an adequate state post-deprivation remedy, e.g., a state tort action, precludes relief because it provides sufficient procedural due process. *See Zinermon v. Burch*, 494 U.S. 113, 128 (1990) (where state cannot foresee, and therefore provide meaningful hearing prior to, deprivation statutory provision for post-deprivation hearing or common law tort remedy for erroneous deprivation satisfies due process). California law provides such an adequate post-deprivation remedy. *See Barnett v. Centoni*, 31 F.3d 813, 816-17 (9th Cir. 1994) (citing Cal. Gov't Code §§ 810-895).

In the original complaint, plaintiff stated that he sent a $700 check from his prison trust account to an individual, but it was never received. He attempted to stop payment but was delayed due to various forms that were required to be completed by defendants. As a result, an unknown individual deposited the check and plaintiff lost the money. The complaint was dismissed with leave to amend because plaintiff was provided the proper procedural protections and his allegations failed to state a federal claim. Plaintiff was also encouraged to follow the appropriate

state procedures to obtain a refund.

The amended complaint is difficult to understand. An additional plaintiff has been added, the intended recipient of the check. It now appears that the individual did receive the check and it was not fraudulently deposited. Plaintiffs seek money damages for the failure of defendants to promptly and properly stop payment on the check.

Regardless of if the check was fraudulently deposited or not, plaintiffs' allegations fail to state a federal claim. The allegations demonstrate that defendants may have been negligent in failing to promptly stop the check. But this does not present a constitutional violation. While inmates have a right to procedural protections in relation to the withdrawal of the funds, *Quick,* 754 F.2d at 1523, the process due to inmates for removal of funds from inmate accounts in minimal. *See Myers v. Klevenhagen*, 97 F.3d 91, 95-96 (5th Cir. 1996) (notice and adequate post-deprivation remedy are all that is required for unauthorized inmate trust account withdrawals ); *Gardner v. Wilson*, 959 F. Supp. 1224, 1229 (C.D. Cal. 1997) (finding that due process requires no more than notice and a post-deprivation grievance process); *Torres v. Brown,* 2016 WL 524804, at *3 (E.D. Cal. 2016) (the fraudulent removal of funds from inmate's account did not state a claim where plaintiff was provided notice and a post-deprivation grievance process).

Plaintiffs fail to present a federal claim. To the extent that the check was fraudulently deposited, plaintiff is again encouraged to follow the appropriate state procedures for the loss of his money. Because allowing further amendments would be futile, this case is dismissed without leave to amend.

**CONCLUSION**

This action is dismissed without leave to amend, but plaintiff may follow the appropriate state procedures to recover his money. The Clerk is requested to close this case.

**IT IS SO ORDERED.**

Dated: September 28, 2026

JAMES DONATO
United States District Judge